Peck, J.
delivered the opinion of the court.
Unfortunately for the parties, the profession and the court, the record before us is so inartificial that it is difficult to come to any conclusion upon it.
The declaration is in debt and is good in form; memo- *315 randa appear to have been made in these words: “1st, plea, payment; 2d, set off.” Then follows a plea in abatement that there is no such person as the plaintiff; special demurrer; and one of the causes assigned is that the truth of the plea is not verified by affidavit in form. The affidavit, as the same appears in the record, though not strictly in form, may be received as admissible, especially as the law presumes that leave was given to file the plea; an amendment is then allowed, upon which replication follows to the plea, to wit, that the party is estopped by his deed to deny the existence of the plaintiff; demurrer to the replication. Demurrer overruled, and plea pronounced insufficient. We have, then, a bill of exceptions to the opinion of the court, the object of which is to place upon the record what the pleadings and judgment of the court had already shown.
A jury is then called, who say, “they find for the plaintiff, and assess his damages,” &c. Judgment is entered, and writ of error to this court.
1. If the memoranda are to be taken as pleas to the action, the plea in abatement should have been stricken out, because inconsistent with the defence already put in; the pleas admitting the person, and his ability to sue. In this view of the case, no matter how the court got rid of the plea in abatement, the judgment disallowing it would be sustained.
2. If these were to be treated as no pleas to the action, then there was no issue to try, and judgment should have been rendered nil dicit.
But a jury has passed and have found for the plaintiff. On what? Not upon the issue, for there was none, nor does the verdict purport to find upon issues. In times past we have been compelled, on these summary pleas, (if they may be called pleas) where the merits of the case could be pretty clearly seen, to give judgment; and, as the court had often to guess at what was merits, it may *316 m future times appear that some of those judgments sa- , , . V voured of capriciousness.
But it must be seen the court was not in fault, so long as the semblance of error could be imputed to others. And, but for the reason that the subject has been exhausted, the court would again admonish the bar of the beauty and necessity of adhering to special pleading. It would be no unmerited compliment to the profession to say they are eminently capable, if the admission did not contradict the record. It may be that fashion is in fault, and .such is the rage to keep it up, that it would no doubt be considered vulgar to return to sober reason, even on a subject, the neglect of which sometimes becomes of serious consequence to suitors.
Prima facie, the plea in abatement is good, at least the matter of it. But whether the parties relied upon it, or upon the pleas, in short, is what the court cannot determine. In fact, the whole is such a chapter of ambiguity, that to get rid of it, we reverse the judgment and remand the cause for a repleader in the circuit court, as of the appearance term.
Judgment reversed.